IN THE SUPREME COURT OF THE STATE OF DELAWARE

CORNELIUS ARCHY, § §
§
Defendant Below, § No. 219, 2025
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 2212001152B (N)
§
Appellee. §

Submitted: December 19, 2025
Decided: February 3, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

(1)    The appellant, Cornelius Archy, has appealed the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the record and the parties' briefs, we affirm the Superior Court's judgment.

(2)    A Superior Court jury found Archy guilty of possession of a firearm by a person prohibited and possession of ammunition by a person prohibited. Archy was represented by counsel at trial, but after trial and before sentencing he sought and was permitted, after a hearing, to proceed *pro se*. He then filed a motion for a judgment of acquittal, which the court denied as time-barred because it was not filed

within seven business days of the jury's verdict. The Superior Court sentenced Archy on June 17, 2024. He did not file a direct appeal.

(3) On July 25, 2024, Archy filed a motion for postconviction relief. He later filed several amended motions. Archy asserted that the evidence at trial was insufficient to support his convictions and claimed that his trial counsel provided ineffective assistance. After receiving briefing and expanding the record with an affidavit from trial counsel, the Superior Court denied Archy's motion. On appeal to this Court, Archy contends that (i) the prosecutor engaged in misconduct by misstating evidence, arguing facts not in evidence, and reading a witness's prior statement to police in front of the jury; and (ii) the evidence was insufficient to allow a reasonable juror to find beyond a reasonable doubt that Archy actually or constructively possessed a firearm and ammunition.

(4) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[1] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[2] The Court considers the procedural requirements of Rule 61 before addressing substantive issues.[3]

---

[1] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[2] *Id.*
[3] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

2

(5) Archy did not present his prosecutorial-misconduct claims to the Superior Court in the first instance, and he therefore failed to preserve them for appellate review.[4] Moreover, Rule 61 of the Superior Court Rules of Criminal Procedure bars his prosecutorial-misconduct and insufficient-evidence claims. Under Rule 61(i)(3), "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction" is barred unless the movant shows both cause for relief from the procedural default and prejudice.[5] Archy did not file a direct appeal asserting the claims that he presents in this postconviction appeal, and he has not demonstrated cause for relief from the default. The claims are therefore procedurally barred under Rule 61(i)(3).[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[4] DEL. SUPR. CT. R. 8.

[5] DEL. SUPER. CT. R. CRIM. PROC. 61(i)(3).

[6] See Lopez v. State, 2008 WL 835158, at *1 (Del. Mar. 28, 2008) (holding that claim of insufficient evidence was procedurally barred by Rule 61(i)(3) because the defendant did not raise it at trial or on direct appeal); Campbell v. State, 2003 WL 21998563, at *1 (Del. Aug. 21, 2003) (concluding that postconviction claims were barred under Rule 61(i)(3) because they were not raised on direct appeal and there was no evidence of cause or prejudice).

3